NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| REGAN WHITESIDE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-420-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Regan Whiteside, a federal prisoner currently confined in the Grayson County Detention Center[1] in Leitchfield, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the filing fee. The petition is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). For the reasons discussed below, the petition will be denied.

CLAIMS AND FACTUAL ALLEGATIONS

The Petitioner challenges his conviction and sentence in the United States District Court for the Eastern District of Wisconsin, urging this Court to entertain the merits of his claims under 28 U.S.C. §2241 because he believes that 28 U.S.C. §2255 is inadequate and ineffective to test

---

[1]  The Court takes judicial notice that Petitioner Whiteside recently pled guilty in this Court, *United States v. Whiteside*, 6:06-CR-033-KKC. His sentencing hearing is set for November 16, 2006.

the legality of his detention and he is actually innocent. The following is a summary or construction of the allegations in his petition and accompanying memorandum.. [Record Nos. 2-3]

The Petitioner entered a guilty plea to one count of armed bank robbery, 18 U.S.C. §2113, and one count of using a firearm during the commission of a crime of violence, 18 U.S.C. §924(c), in *United States v. Regan Whiteside*, E.D. Wis. No. 96-CR-211. He was sentenced to consecutive terms of 65 months and 60 months (a total of 125 months' incarceration), to be served consecutively to yet another sentence handed down in an unrelated state case.

Whiteside evidently wanted to appeal, but his appellate attorney sought to withdraw on the ground that there were no non-frivolous issues. Nonetheless, the attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), on four issues. The Petitioner was also given an opportunity to respond and he did so. *United States v. Regan Whiteside*, 132 F.3d 37, 1997 WL 744591 (7th Cir. 1997) (unpublished).

The Seventh Circuit's opinion reveals that the court addressed the following claims on the merits: (1) the assertion that the trial court did not comply with the requirements of Federal Rule of Criminal Procedure 11; (2) the contention that the trial court also did not sentence him in compliance with Rule 32; (3) the argument that, because of certain conversations with the government attorneys, his federal sentences should have been run concurrently; and (4) the argument that his counsel's performance amounted to ineffective assistance of counsel consistent with *Strickland v. Washington*, 466 U.S. 668 (1984). On November 25, 1997, the appellate court found all of these claims to be frivolous, affirmed the conviction, and dismissed the appeal.

Eleven months later, the Petitioner began a series of collateral *pro se* challenges to the convictions. The first challenge occurred an October 15, 1998, through the filing of a motion for a new trial. The trial court construed the motion as a motion to vacate the convictions pursuant to 28 U.S.C. §2255. That request was denied and the action dismissed. This result was later vacated based on the court's failure to warn the Petitioner of the implications of a §2255 construction. However, on January 2, 2001, the trial court denied the motion for a new trial without prejudice.

Again, approximately eleven months passed before the Petitioner's next challenge to his conviction. On November 26, 2001, he filed a second "petition." When the trial court insisted that he clarify the nature of this pleading, the Petitioner admitted it should be labeled a §2255 motion. The Court then denied relief and dismissed the §2255 proceeding pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, as it was filed past the one year permitted for such a filing under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996. *See* 28 U.S.C. §2255, ¶6. In the Order of Dismissal dated August 20, 2002, the Court held that the §2255 motion, filed on November 26, 2001, was more than four years after his conviction became final, *i.e.*, when the Seventh Circuit upheld his conviction on appeal on November 25, 1997.

Next, on April 3, 2006, the Petitioner sought permission from the appellate court for permission to file an "initial" §2255 motion since the trial court never reached the merits of his earlier motion. He claimed that the time when his earlier efforts were pending in the district and/or appellate courts should be equitably tolled so that the court could reach the merits of his

§2255 claims for the first time. On a date not revealed in this action, the Seventh Circuit purportedly rejected the request, writing that "this contention might provide a basis for a request that the District Court equitably toll the statute of limitations on his first §2255 motion, not a reason for counting it."

On September 14, 2006, the Petitioner filed the instant petition pursuant to 28 U.S.C. §2241, asserting that "[t]here simply is no other avenue of relief . . . and in this case a 2255 is inadequate and ineffective to test the legality of Whiteside's conviction and sentence." Accordingly, he asks that this Court entertain his claims under its §2241 jurisdiction.

## DISCUSSION

Historically, the general rule has been that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge *execution* of sentence, such as the computation of parole or sentence credits. *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

Since the Petitioner's claims in this action relate to the conviction and sentence imposed by the District Court in the Eastern District of Wisconsin, they are not ordinarily cognizable claims for this Court under 28 U.S.C. §2241. Under what is called the "savings clause" of §2255 and under *Cohen*, a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241, if the petitioner establishes that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255, ¶5; *Cohen v. United States*, 593 F.2d at 770-71.

4

Regarding the "inadequate" or "ineffective" standard, the Sixth Circuit first addressed the standard in *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999). The *Charles* Court discussed the few cases which had permitted such use of §2241 and held that a petitioner can use §2241 only upon a clear showing that his remedies via §2255 are actually inadequate and ineffective. The court specifically found that a prisoner cannot satisfy the inadequate or ineffective requirement merely by demonstrating that he is time-barred from bringing a Section 2255 motion or that he had already moved unsuccessfully for relief in a prior Section 2255 motion. *Id*. at 757. The court cautioned that relief under Section 2241 is not a "catch all" remedy but is reserved for highly exceptional circumstances.

Subsequently, in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit addressed a question left unanswered in *Charles*: whether the savings clause may be properly invoked by a petitioner where his remedy under Section 2255 is procedurally unavailable, and hence ineffective to raise a new claim, *and* where he claims "actual innocence." The court answered that question in the affirmative. A viable claim of "actual innocence" arises where petitioner was convicted under a criminal statute, and thereafter the Supreme Court issues a decision that more narrowly interprets the terms of that statute. In such instances, there may arise a significant risk that petitioner was convicted of conduct that the law does not make illegal, and hence the petitioner is "actually innocent" of the crime for which he was convicted.

By the express terms of 28 U.S.C. Section 2255, a petitioner may bring a second or successive §2255 motion only based upon (1) newly-discovered evidence that casts significant doubt on petitioner's guilt of the offense or (2) a Supreme Court decision on constitutional law

5

made retroactive to subsequently-filed cases. Because a Supreme Court decision interpreting a criminal statute does not fall within either of these exceptions, prisoners like Petitioner Martin could not bring a second or successive Section 2255 motion and were permitted to use Section 2241 to bring their claims before the Federal Court in the district where they are in custody.

Here, Whiteside appears to be trying the same route as the petitioner in *Martin*. He alleges that he has already filed one §2255 motion, and he has also been denied permission to file a second or successive §2255 motion under the standards discussed in the preceding paragraph. Therefore, now that he is in custody in the Eastern District of Kentucky, he has brought his claims about his conviction and sentence to this Court, pursuant to §2241. Under §2255 and the rulings in *Charles* and *Martin*, this Court may reach the merits of a challenge to a prisoner's conviction and/or sentence under its §2241 jurisdiction only if he makes showings (1) that his or her remedy under §2255 is truly inadequate or ineffective to challenge the legality of his/her conviction *and* (2) that he or she has a claim of actual innocence under an intervening Supreme Court case interpreting the criminal statute under which he/she was convicted. *Martin*, 319 F.3d at 804.

Having considered the facts of this case against these standards, the Court finds that the Petitioner's allegations fail to pass the threshold test for such use of §2241. The Petitioner has not established either of the prerequisites for using §2241. *Charles* explicitly held that a time bar or earlier unsuccessful §2255 motion does not render the prisoner's remedy *via* §2255 inadequate or ineffective. Further, relief under §2241 is unavailable when the prisoner has failed to avail himself of an earlier opportunity to raise the matter.

All of the Petitioner's claims not only could have been brought earlier, three out of the four issues actually *were* brought in the direct appeal of the convictions. His present claims of ineffective assistance of counsel, an involuntary guilty plea, and breach of a plea agreement were already considered on the merits and decided against him. *See Whiteside*, 132 F.3d 37 at *1-2. Moreover, the final claim (alleging that it was error for the trial court to deny an evidentiary hearing) could have been raised on appeal. It simply was not.

It is not necessary for this Court to reach the second component (i.e., the requirement that the Supreme Court interpreted the statute under which the prisoner was convicted so as to make a change in the law) as happened in *Martin*. The Court notes, nonetheless, that this element is not even alleged to have happened in the present case.[2]

## CONCLUSION

For the reasons discussed above, it is hereby **ORDERED** as follows:

(1) Petitioner Regan Whiteside's petition for writ of habeas corpus is **DENIED** for failure to state a claim upon which relief may be granted.

(2) This action is **DISMISSED**, *sua sponte,* with prejudice. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

---

[2] *See In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004) (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"); *see also United States v. Barnhardt*, 93 F.3d 706, 709 (10th Cir. 1996) ("a petitioner collaterally attacking his conviction should be given the benefit of case law decided after his conviction when the conviction was for an act that the law does not make criminal," citing *Davis v. United States*, 417 U.S. 333 (1974)).

This 5th day of October, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge